IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MALCOLM STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| METRO MEN'S HEALTH, LLC, | ) | |
| Serve: Registered Agent | ) | |
| Registered Agents, Inc. | ) | |
| 4601 E. Douglas St. | ) | |
| Wichita, Kansas, 67218 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Malcolm Starks ("Plaintiff" or "Malcolm"), for his complaint against Defendant Metro Men's Health, LLC ("Defendant" or "Metro"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Kansas City, Missouri.

2. Defendant is a limited liability company organized and existing under the laws of the State of Utah. Defendant does business in the State of Kansas at 7300 W. 110th Street, Suite 540, Overland Park, Kansas, 66210, and it can be served through its registered agent, Registered Agents, Inc., at 4601 E. Douglas St., Wichita, Kansas, 67218.

3. Plaintiff's claims are brought pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) (the "FLSA"), the Families First Coronavirus Response Act (Public Law 116-127) ("FFCRA"), and the Emergency Paid Sick Leave Act ("EPSLA").

4. The Court has jurisdiction over Plaintiff's claims under the FLSA, the FFCRA, and the EPSLA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

1

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

## FACTUAL BACKGROUND

6. Until recently, Plaintiff worked as a patient care technician for Metro, a position in which he earned a salary of $39,000/year.

7. Plaintiff enjoyed and took pride in his job, and his performance was exemplary.

8. In early-December 2020, Plaintiff contracted the Covid-19 virus and needed leave from his work at Metro, which he began in mid-2020.

9. When Plaintiff told his supervisor, Randy McDonald, about his need for leave, Randy told him that he his leave was going to hurt the company.

10. While out on leave to quarantine and recover from the Covid-19 virus, Plaintiff experienced health complications that caused him to miss more work than the couple of weeks of work that he had originally planned on missing.

11. Plaintiff advised Randy of his need for additional leave, and Randy agreed that Malcolm could miss additional work on account of the complications.

12. Plaintiff and Randy eventually agreed that Malcolm would return to work on Monday, January 11th.

13. Malcolm worked on the 11th, 12th, and 13th, for Metro, but Randy was out of the office on each of those days.

14. On January 14th, Randy terminated Plaintiff's employment and told him that his absence from work had put the company in a bad spot.

## COUNT I – FFCRA/EPSLA/FLSA RETALIATION

15. Plaintiff incorporates the allegations set forth in paragraphs 1-14 as if fully set forth herein.

16. Employers are prohibited from discharging, disciplining, discriminating against, or otherwise retaliating against any employee because that employee exercised his or her rights under the FFCRA and the EPSLA.

17. Plaintiff is an eligible employee under the FFCRA and the EPSLA, and Metro is a covered employer under the FFCRA and the EPSLA.

18. In December 2020, after contracting the Covid-19 virus, Plaintiff was entitled to leave under the FFCRA, and more specifically, two-weeks paid leave under the EPSLA.

19. As alleged above, Defendant terminated Plaintiff's employment on account of the fact that he had taken Covid-related leave under the FFCRA and EPSLA.

20. In terminating Plaintiff's employment and retaliating against him for taking leave, Defendant violated the FFCRA, the EPSLA, and their implementing regulations.

21. On information and belief, Defendant was aware of the fact that Plaintiff was entitled to Covid-19 related leave, and Defendant was aware of the fact that it could not retaliate against Plaintiff in connection with taking leave under the FFCRA or the EPSLA.

22. By engaging in the conduct identified above, Defendant has retaliated against Plaintiff's exercise of his FFCRA and EPSLA rights, and therefore, has violated 29 U.S.C. § 215.

23. As a result of Defendant's violations, Plaintiff is entitled to an award of back pay and benefits, compensatory damages, front pay and benefits, liquidated damages, attorneys' fees, costs, and expenses for which Defendant is liable.

WHEREFORE, Plaintiff Malcolm Starks respectfully requests that the Court enter judgment in his favor and against Defendant Metro Men's Health, LLC for damages in an amount to be proven at trial, and for such other relief as the Court deems just and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Brad K. Thoenen*
Brad K. Thoenen, KS 24479
bthoenen@hkm.com
John J. Ziegelmeyer III, KS 23003
jziegelmeyer@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

ATTORNEYS FOR PLAINTIFF