IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALCOLM STARKS,

    Plaintiff,

    v.

METRO MEN'S HEALTH, LLC,

    Defendant.

Case No. 21-2215-JWB-ADM

**REPORT AND RECOMMENDATION**

This matter comes before the court on plaintiff Malcolm Starks' Motion for Default Judgment against defendant Metro Men's Health, LLC ("Metro Men's Health"). (ECF 42.) For the reasons explained below, the court recommends that the district judge enter default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2) and set the matter for a hearing to determine an award of damages.

    **I.    PROCEDURAL BACKGROUND**

On May 10, 2021, Starks filed this action against his former employer alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.) (the "FLSA"), the Families First Coronavirus Response Act (Public Law 116-127) ("FFCRA"), and the Emergency Paid Sick Leave Act ("EPSLA"). (ECF 1.) Metro Men's Health answered the complaint on July 5. (ECF 4.) On August 18, the court held a scheduling conference and entered a scheduling order. (ECF 9, 10.) The docket shows that the parties proceeded with discovery (and an unsuccessful mediation) during the remainder of 2021. (ECF 11-26.) Indeed, the parties represented in a Joint Motion to Amend Scheduling Order filed on January 13, 2022, that they had been diligent in attempting to

complete discovery by the January 18 discovery completion deadline. (ECF 27.) Since January 13, however, Metro Men's Health has failed to participate in this case.

To begin with, Metro Men's Health's responses to Starks' First Interrogatories and Second Requests for Production of Documents were due on January 13. (*See* ECF 38, at 1.) Metro Men's Health did not serve any objections or responses to those discovery requests. (*Id.*) On February 2, Starks' counsel contacted Metro Men's Health to try to resolve the issue of the late discovery responses, but Metro Men's Health did not respond. (*Id.* (citing ECF 34-3).) In the same email, Starks' counsel also asked about scheduling depositions for three 30(b)(1) witnesses and a 30(b)(6) corporate representative. (ECF 34-3.) On February 8, Starks filed deposition notices for the four witnesses. (ECF 30-33.) On February 14, Starks filed a motion to compel asking the court to (1) compel Metro Men's Health to respond to Starks' discovery requests; (2) grant Starks leave to take the depositions after the close of discovery because of the delay in obtaining the discovery responses; and (3) award Starks his reasonable expenses in filing the motion. (ECF 34.) Metro Men's Health never responded to Starks' motion to compel.

On February 23, the court granted the motion to compel and the request for reasonable expenses, and ordered Metro Men's Health to respond, without objection, to Starks' discovery requests by March 4. (ECF 38.) In granting the motion, the court specifically cautioned Metro Men's Health "that failing to comply with this order could subject it to additional sanctions, including rendering default judgment against it." (ECF 38, at 2.) Metro Men's Health did not comply with the order compelling it to respond to Starks' discovery requests by March 4, nor has it served those discovery responses any time since.

On March 2, Starks filed a motion seeking reasonable expenses and fees of $872.50 incurred in filing his motion to compel. (ECF 40.) Again, Metro Men's Health did not respond to

Starks' motion for expenses and fees. On March 18, the court granted the motion and specifically ordered Metro Men's Health to "tender payment of $872.50 to Starks within fourteen calendar days from the date of this order and simultaneously file a notice of compliance with this order." (ECF 46, at 1.) Again, Metro Men's Health did not comply with the order to pay Starks' expenses and fees.

In addition to Metro Men's Health's disengagement detailed above, its attorneys have all withdrawn or expressed an intent to withdraw. On February 15, 2022, Metro Men's Health's local counsel Trinidad P. Galdean filed a first motion to withdraw. (ECF 35.) Pursuant to this court's order (ECF 37), he filed a second motion to withdraw on February 28, which set forth his reasons for withdrawal as Metro Men's Health's "lack of response/communication . . . to Galdean's requests in the handling of the case," "the failure to address attorney fees necessary in the case" and "unpaid attorney fees." (ECF 39, at 2.) On March 2, the court allowed Galdean to withdraw from the case. (ECF 41.) Meanwhile, on February 18, Metro Men's Health attorney Spencer D. Phillips emailed the magistrate judge's chambers to provide a copy of a motion to withdraw that was reportedly forthcoming from him. Phillips stated that he was unable to file the motion because of computer problems but that he planned to do so. Phillips has never formally filed his motion, even though the court specifically ordered him to file a motion to withdraw that complies with D. KAN. RULE 83.5.5 no later than April 6, 2022. (ECF 45.) Consequently, as the record currently stands, Metro Men's Health is represented by pro hac vice counsel but not local counsel (which is not allowed under this court's local rules) and pro hac vice counsel has stopped participating in the case.

Lastly, Metro Men's Health did not participate in the pretrial phase of this case. Metro Men's Health made no attempt to participate in preparing or submitting the pretrial order, which

was due March 9 (*see* ECF 28, at 3), and no one for Metro Men's Health appeared at the pretrial conference on March 16. As a result, the court was forced to convert the pretrial conference to a status conference. (*See* ECF 45, at 1.)¹ Following this conference, the court set another status conference for April 19, and gave Metro Men's Health until then to retain counsel to appear at that conference. The court cautioned that, "if counsel for Metro Men's Health has not entered an appearance by the status conference on April 19, 2022, the court will take that into consideration in deciding the next steps to move this case forward to a conclusion." (ECF 45, at 4-5.) In addition, the court ordered Metro Men's Health to show cause by April 19 why the court should not recommend the district judge enter a default judgment as a sanction for Metro Men's Health's failure to participate in preparing the pretrial order and failure to appear for the pretrial conference. (ECF 45, at 4.) The court's order explained:

> This court's rules impose upon the parties a "*joint responsibility* to attempt in good faith to formulate an agreed [pretrial order] that the judge can sign at [the pretrial] conference." D. KAN. RULE 16.2(a) (emphasis added). The court's form pretrial order reiterates that preparation and submission of the pretrial order is a joint responsibility. It provides as follows:
>
>> The parties and counsel must confer in good faith, draft, and timely submit a proposed pretrial order to the court in accordance with the scheduling order and D. Kan. Rule 16.2. The proposed pretrial order must be a joint effort. The parties have an equal obligation to cooperate fully in drafting the pretrial order and to submit an agreed order . . .
>
> Despite this clear instruction, counsel for Metro Men's Health did not participate in preparing the pretrial order or submitting it to the

---

¹ On March 16, just slightly over an hour before the pretrial conference, Metro Men's Health's CEO Mark Johnson attempted to file a Pro Se Motion to Continue the Final Pretrial Conference (ECF 43), but the court struck the motion because Metro Men's Health, as a business entity, can only appear through counsel. (ECF 45, at 4 (citing *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001)).) Johnson does not purport to be an attorney, and therefore he cannot represent Metro Men's Health in this action. (*Id.*)

>       court in advance of the pretrial conference. Rather, Starks' counsel reported that they unilaterally drafted and submitted the draft pretrial order, which was then incomplete because it contained only Starks' contentions and claims.
>
>       The court orders Metro Men's Health to show cause in writing by April 19, 2022, why the court should not recommend that the district judge enter default judgment for Metro Men's Health's failure to participate in preparing and submitting a pretrial order and failing to appear at the pretrial conference on March 16.

(ECF 45, at 3-4.) Metro Men's Health never responded to the court's order to show cause. And Metro Men's Health also failed to appear at the April 19 conference. (ECF 47.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery." Included among the available sanctions is the entry of "default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(vi). Default judgment is generally considered a harsh sanction that should be used only when a party's noncompliance is due to "willfulness, bad faith, or any fault of the [disobedient party]" and not when a party is unable to comply with a discovery order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 212 (1958)).

This court must consider five factors before imposing default judgment as a sanction under Rule 37(b): (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) the culpability of the litigant; (4) whether the court warned the party in advance that default judgment would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

**III.   ANALYSIS**

Metro Men's Health's conduct at issue here—*i.e.*, failing to respond to Starks' discovery requests, failing to comply with the court's orders to provide the discovery and to pay Starks' fees and expenses related to Starks' motion to compel, failing to participate in the preparation and submission of the pretrial order, failing to appear at the March 16 or April 19 pretrial/status conferences, and failure to comply with the court's March 17 order to show cause—clearly falls within the scope of Rule 37(b)(2). Moreover, the court is persuaded that Metro Men's Health's noncompliance with this court's discovery orders, and with the discovery and pretrial process generally, is due to willfulness or other fault attributable to Metro Men's Health. It has simply chosen to stop participating in the case.

All five factors set forth in *Ehrenhaus* support the sanction of default judgment here. First, Metro Men's Health's actions have severely prejudiced Starks by slowly grinding this case to a halt. Starks was forced to file a motion to compel the requested discovery and postpone remaining depositions while awaiting responses and has spent the past two months trying to proceed in a case without any participation at all from Metro Men's Health. Starks now confronts the prospect of preparing for trial without the requested discovery. *See Fed. Deposit Ins. Corp. v. Renda*, 126 F.R.D. 70, 73 (D. Kan. 1989) (holding plaintiffs are "significantly prejudiced" when forced to prepare for trial without the benefit of discovery responses), *aff'd sub nom. F.D.I.C. v. Daily*, 973 F.2d 1525 (10th Cir. 1992). Metro Men's Health's conduct has prejudiced Starks by causing delay and frustrating Starks' discovery efforts and preparations for trial.

Second, Metro Men's Health's conduct has interfered with the judicial process. Discovery was set to close at the end of February, the proposed pretrial order was due by March 9, and the pretrial conference was scheduled for March 16, by which time all outstanding discovery issues

6

should have been resolved. With these deadlines in mind, the court ordered Metro Men's Health to respond, without objection, to Starks' discovery requests by March 4. (ECF 38, at 3.) But then Metro Men's Health proceeded to ignore the court's order to provide the discovery responses and its obligation to participate in the preparation and submission of the pretrial order. And Metro Men's Health then failed to appear at the March 16 or April 19 pretrial/status conferences, and it did not respond to the court's order to show cause. All of this has certainly interfered with the court's ability to move the case forward and "administer orderly justice." *Ehrenhaus*, 965 F.2d at 921 (observing that Ehrenhaus's willful failure "to comply with a direct court order . . . flouted the court's authority" and interfered with the court's ability to "administer orderly justice").

Third, the court finds that Metro Men's Health has willfully neglected the court's orders, making it culpable for the violations. In early February, Starks attempted to engage counsel for Metro Men's Health on the delinquent discovery issue and was met with silence. After Starks filed a motion to compel in mid-February, Metro Men's Health did not bother to respond. In late February, the court warned Metro Men's Health of the potential sanctions, including default judgment, if it failed to comply with the court's order granting the motion to compel. Metro Men's Health's failure to respond to the discovery requests or even attempt to comply with any order since that time suggests that it has willfully shirked the court's orders. Considering all of the circumstances, the court finds that Metro Men's Health's conduct is in willful and intentional disobedience to court orders.[2]

---

[2] Even though Metro Men's Health is still represented by counsel of record, the court has also been sending all orders to Metro Men's Health's CEO Mark Johnson via email and mail using the contact information Johnson provided in his March 16 now-stricken submission requesting the court to continue the pretrial conference. (ECF 43.) This includes the order following the March 16 conference (ECF 45) and the order granting Starks' motion for fees (ECF 46). Metro Men's

7

Fourth, the court put Metro Men's Health on notice that failure to comply with these orders could result in default judgment.  The court first warned Metro Men's Health about this in its February 23 order on Starks' motion to compel.  (ECF 38, at 2 ("The court cautions Metro Men's Health that failing to comply with this order could subject it to additional sanctions, including rendering default judgment against it.").)  And the court reiterated this warning in its March 17 order to show cause.  (ECF 45, at 4 ("The court orders Metro Men's Health to show cause in writing by April 19, 2022, why the court should not recommend that the district judge enter default judgment for Metro Men's Health's failure to participate in preparing and submitting a pretrial order and failing to appear at the pretrial conference on March 16.").)  Despite these warnings, Metro Men's Health still failed to comply with either order.

Fifth, lesser sanctions would likely be ineffective to both cure the prejudice to Starks and punish Metro Men's Health for ignoring the court's orders.  Rule 37(b)(2) contemplates a range of potential sanctions against Metro Men's Health: directing that matters embraced in the order or other designated facts be taken as established; prohibiting Metro Men's Health from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings; staying proceedings; dismissing the action; rendering default judgment; or treating its failure as contempt of court.  FED. R. CIV. P. 37(b)(2)(A).  A stay of the proceedings would only serve to further prejudice Starks.  Furthermore, Metro Men's Health's failure is egregious, involving its complete disengagement from the discovery and pretrial process and disregard of court orders.  Such a violation merits a harsh sanction beyond merely designating certain facts as established or striking certain defenses.  In short, Starks and the court have

---

Health therefore cannot blame counsel's dilatory conduct or inadvertence in not providing Metro Men's Health with notice of the court's orders.

8

repeatedly attempted to prompt Metro Men's Health's participation in the case, to no avail. Given the situation, a lesser sanction that would allow Metro Men's Health to continue to contest liability would be ineffective at deterring similar conduct as this case moves forward and would only enable further delays and noncompliance.

All five factors set forth in *Ehrenhaus* weigh heavily in favor of default judgment against Metro Men's Health. Accordingly, the court recommends that Starks' motion for default judgment be granted, and that the district court set the matter for a hearing to determine an award of damages.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), the court informs Metro Men's Health that it may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Metro Men's Health fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Starks' motion for default judgment (ECF 42) be granted and that the district court set the matter for a hearing to determine an award of damages.

**IT IS THEREFORE ORDERED** that the clerk's office shall send a copy of this report and recommendation to Metro Men's Health's CEO Mark Johnson via email and mail using the contact information Johnson provided in ECF 43.

**IT IS SO ORDERED.**

Dated May 16, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge