IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALCOLM STARKS,

    Plaintiff,

v.                                                        Case No. 21-2215-JWB-ADM

METRO MEN'S HEALTH, LLC,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for default judgment (Doc. 42) and a Report and Recommendation ("R&R") (Doc. 48) from magistrate judge Angel D. Mitchell recommending that the court grant the motion as a sanction under Fed. R. Civ. P. 37(b)(2) and set the matter for a hearing to determine an award of damages. For the reasons stated below, the R&R (Doc. 48) is adopted, and the motion for default judgment (Doc. 42) is GRANTED. The court will schedule a hearing to determine the amount of damages to be included in the judgment.

**I. Summary**

The R&R referred to above was filed on May 16, 2022. (Doc. 48.) The docket shows the R&R was electronically served on Defendant's counsel of record (who has stopped participating in the case - *see* Doc. 48 at 3) and was sent by email and regular mail to Defendant's CEO. No objection or response to the R&R was filed within the 14 days permitted by rule. *See* Fed. R. Civ. P. 72(b)(2).

Rule 37(b)(2) provides in part that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including rendering a default judgment against

the disobedient party.  As noted in the R&R, default judgment is considered a harsh sanction to be used only in cases of willfulness, bad faith, or fault of the disobedient party.  (Doc. 48 at 5) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976).  In evaluating whether such a sanction is warranted, the court must consider the following factors: (1) the degree of actual prejudice to the non-offending party; (2) the amount of the interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that default judgment would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).

The R&R thoroughly analyzed these factors under the record of the case.  As that analysis shows, all five of these factors weigh in favor of entering a default judgment as a sanction.  Defendant has failed to respond to Plaintiff's discovery requests, failed to comply with court orders to provide discovery, failed to participate in preparation of a pretrial order, failed to appear for hearings, and failed to comply with the court's prior show cause order.  (Doc. 48 at 2-5.)  Plaintiff faces substantial prejudice from Defendant's conduct, as it cannot prepare for trial.  Defendant's conduct has not only interfered with the judicial process, it has halted it.  Defendant's conduct is unexcused and is willful.  The court previously warned Defendant that its failure to cure its conduct could result in default judgment, but it again failed to respond.  Lesser sanctions would clearly be insufficient to remedy Defendant's conduct in this case.

## II.  Conclusion

The R&R (Doc. 48) of magistrate judge Angel D. Mitchell is ADOPTED.  Plaintiff's motion for default judgment (Doc. 42) is GRANTED.  The matter is scheduled for a hearing on damages on **July 11, 2022, at 10:00 a.m.**, U.S. Courthouse, Wichita, Kansas, Courtroom 238, to determine damages.  IT IS SO ORDERED this 17th day of June, 2022.

                                                s/ John W. Broomes  
                                                JOHN W. BROOMES  
                                                UNITED STATES DISTRICT JUDGE